# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-00835-COA

**OMAR L. NELSON A/K/A OMAR NELSON**                     **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                             **APPELLEE**


DATE OF JUDGMENT:                    05/07/2013
TRIAL JUDGE:                         HON. PRENTISS GREENE HARRELL
COURT FROM WHICH APPEALED:           PEARL RIVER COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:              OMAR L. NELSON (PRO SE)
ATTORNEY FOR APPELLEE:               A. MORRIS SWEATT
NATURE OF THE CASE:                  CIVIL - OTHER
TRIAL COURT DISPOSITION:             DENIED PETITION FOR RETURN OF
                                     SEIZED PROPERTY
DISPOSITION:                         AFFIRMED - 09/16/2014
MOTION FOR REHEARING FILED:
MANDATE ISSUED:


**BEFORE LEE, C.J., ISHEE AND JAMES, JJ.**

**LEE, C.J., FOR THE COURT:**

### FACTS AND PROCEDURAL HISTORY

¶1.     Omar Nelson was involved in an illegal drug-trafficking operation, supplying Pearl River County with illegal drugs.  The Pearl River County Sheriff's Department conducted a year-long investigation, with help from the United States Drug Enforcement Agency to assist with possible federal prosecution.  The sheriff's department served warrants on properties occupied and used by Nelson.  During the execution of the search warrants, several items belonging to Nelson were seized; some of these items were used as evidence in Nelson's criminal prosecution; and some were seized as forfeitable items.

¶2.     On March 25, 2011, the sheriff's department filed a petition for forfeiture in the Pearl River County Circuit Court. A summons was issued to Nelson that same day, and the return of process indicates Nelson was personally served with process on June 22, 2011. Nelson failed to respond to the forfeiture petition.

¶3.     The State filed a motion for a default judgment, asking the trial court to conduct a hearing to determine whether the property in question was subject to forfeiture. The trial court heard evidence and concluded the property was forfeited. The trial court entered a default judgment on August 16, 2011, declaring the Pearl River County Sheriff's Department and the Fifteenth Circuit Court District Attorney's Office owners of the property in question.

¶4.     On April 29, 2013, Nelson filed a petition for return of his seized property, which included jewelry, a television, and 108 compact discs. The trial court dismissed Nelson's petition with prejudice, finding Nelson's petition was untimely. Nelson now appeals to this Court, asserting that jurisdiction was proper in federal court.

## DISCUSSION

¶5.     In his only issue on appeal, Nelson argues that jurisdiction was proper in federal court. However, we find Nelson's petition filed April 29, 2013, was untimely; thus, we affirm the trial court's judgment. According to Mississippi Code Annotated section 41-29-179(1) (Rev. 2013), "an owner of property . . . that has been seized shall file an answer within thirty (30) days after the completion of service of process." Nelson failed to do so. The statute further states that "[i]f an answer is not filed, the court shall hear evidence that the property is subject to forfeiture and forfeit the property to the Mississippi Bureau of Narcotics or the local law enforcement agency." *Id*. In this instance, the trial court entered a default

2

judgment declaring the sheriff's department owner of the property in question.

¶6.     Mississippi Rule of Civil Procedure 55(c) states that a default judgment may be set aside for good cause shown in accordance with Mississippi Rule of Civil Procedure 60(b). But Nelson has failed to raise any of the reasons listed in Rule 60(b) that might offer him relief. Ultimately, the trial court determined Nelson's petition was untimely. Under our familiar abuse-of-discretion standard, we cannot find the trial court erred in dismissing Nelson's petition as untimely. *See Tatum v. Barrentine*, 797 So. 2d 223, 227 (¶15) (Miss. 2001).

¶7.     **THE JUDGMENT OF THE PEARL RIVER COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**